1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  VICTOR A. RODGERS
   California Bar No. 101281
6  Assistant United States Attorney
   Asset Forfeiture Section                E-FILED 08-26-10
7      Federal Courthouse, 14th Floor              JS-6
       312 North Spring Street
8      Los Angeles, California 90012
       Telephone:  (213) 894-2569
9      Facsimile:  (213) 894-7177
       E-mail:     victor.rodgers@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT
13              FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                         WESTERN DIVISION
15
   UNITED STATES OF AMERICA,    )   NO. CV 10-1859-PSG(PLAx)
16                              )
           Plaintiff,           )   [PROPOSED]
17                              )
              v.                )   **CONSENT JUDGMENT OF FORFEITURE**
18                              )
   $12,329.35 IN U.S. CURRENCY, )
19                              )
           Defendant.           )
20 _____)
                                )
21 JESUS MORENO,                )
                                )
22      Prospective Claimant.)
   _____)
23
        On or about March 15, 2010, plaintiff United States of America
24
   ("the United States of America") filed a Complaint for Forfeiture
25
   alleging that the defendant $12,329.35 in U.S. Currency (the
26
   "defendant currency") is subject to forfeiture pursuant to 18
27
   U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).
28

Jesus Moreno ("claimant") claims an interest in the defendant currency, but has not filed a claim in this case or answered the complaint.  However, claimant would have filed a claim and answer in this case absent this settlement.  No other parties have appeared in this case and the time for filing claims and answers has expired.

The United States of America and claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2.   The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3.   Notice of this action has been given as required by law. No appearances have been made in this case by any person other than claimant.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true. Claimant is relieved of his obligation to file a claim and answer in this litigation.

4.   $6,000.00 of the defendant currency, without any interest earned, shall be paid to claimant not later than forty-five (45) days from the date of the entry of this judgment by electronic transfer directly into the account entitled "Paul L. Gabbert, Client Trust Account."  The remainder of the defendant currency,

plus the interest earned by the United States of America on the defendant currency in its entirety, shall be condemned and forfeited to the United States of America.  The United States Marshals Service is ordered to dispose of the property forfeited to the United States of America in accordance with law.

5.    Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant.

6.    The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7.    The Court further finds that claimant did not substantially prevail in this action, and each of the parties hereto shall bear their own attorney fees and costs.

DATED:  8/25/10                    **PHILIP S. GUTIERREZ**

THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

1
                                    CONSENT

2        The parties hereto consent to the above Consent Judgment of

3   Forfeiture and waive any right of appeal.

4   DATED: August 23, 2010              ANDRÉ BIROTTE JR.
                                        United States Attorney
5                                       ROBERT E. DUGDALE
                                        Assistant United States Attorney
6                                       Chief, Criminal Division
                                        STEVEN R. WELK
7                                       Assistant United States Attorney
                                        Chief, Asset Forfeiture Section
8

9                                       /s/ Victor A. Rodgers
                                        VICTOR A. RODGERS
10                                      Assistant United States Attorney

11                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
12

13  DATED: August 23, 2010              PAUL L. GABBERT
                                        Attorney at Law
14

15                                      /s/ Paul L. Gabbert
                                        PAUL L. GABBERT
16
                                        Attorney for Prospective Claimant
17                                      JESUS MORENO

18

19

20

21

22

23

24

25

26

27

28

                                    4